PER CURIAM.
This appeal is by the plaintiffs below from an order of the trial court holding plaintiffs were not entitled to collect a reasonable fee for services of their attorney in the enforcement of a promissory note, secured by a mortgage, which contained a covenant by the obligor thereon to pay the same. We find error and reverse.
On June 3, 1969 the appellee Veronica M. Peace made and delivered to the appel-lees Lareno A. Dixon and Bertha K. Dixon, his wife, a promissory note in the amount of $43,000, with interest thereon as provided, providing for payment of principal and interest in monthly installments of a specified amount until fully paid, and containing an acceleration clause. Regarding attorney fees the note stated: “In the event of default of the payment of this note and if the same is collected by an attorney at law the undersigned hereby agree to pay all costs of collection including a reasonable attorney’s fee.”
The note was secured by a mortgage on Lots numbered 29 and 30 of a named subdivision in Monroe County. Included in the mortgage was a provision by which after the principal of the note was reduced by $3,000 by payment as provided for, the mortgagor would be entitled to have one of the lots (No. 29) released from the lien of the mortgage.
On August 3, 1973 the appellees, through an attorney, filed an action for foreclosure of the mortgage, alleging the defendant mortgagor was in default for failure to pay the installment of principal and interest which fell due on the note and mortgage on April 1, 1973 and “all subsequent payments”. Acceleration of the mortgage indebtedness was invoked, and it was alleged there was due and unpaid thereon $39,183.60 principal, with interest from March 1, 1973.
The defendant answered, denying default, and by counterclaim alleging that after payment of $3,000 on the principal indebtedness the defendant had made demand on the plaintiffs for release of said Lot 29, but that plaintiffs had refused to release the same from the lien of the mortgage, and prayed for an order directing the release thereof. Further by counterclaim the defendants sought damages for failure of the plaintiffs to have accepted defendant’s prior offers of prepayment of the obligation, which it was alleged the parties had intended, but for which the documents had not made provision.
During the pendency of the cause a settlement was made by the parties, by which the amount claimed by the plaintiff was paid and the lien of the mortgage discharged. However, in that settlement the parties were unable to agree upon attorney fees to be paid as contracted for.
.An agreed order was entered predicated upon the settlement. Included therein was the following:
“3. The costs and attorney’s fees due the plaintiff from the defendant, if any, shall be determined by this court pursuant to its direction given at the time of trial after the submittal of the memorandums as directed at the trial and after the taking of any testimony that it deemed necessary.”
That was followed by a retention of jurisdiction, viz : “The court retains jurisdiction over this cause to enter any further orders necessary to give effect to this order.”
Thereafter the court entered the final judgment, in which it referred to the “agreed order” which the court had previously entered (based on the settlement made by the parties). In the final judgment the court made the following hold *870 ings: that the mortgagee had wrongfully-refused to release Lot 29; that the mortgagor was in default for having failed to make the payment of April 1, 1973; that the mortgagee “by his course of conduct” had “condoned” the breach of the note and mortgage by the mortgagor; and that both parties had sustained damages and incurred costs “as a result of this action”, that neither was entitled to receive costs or attorney fees from the other.
The appellant contends, and we agree, that refusal of the mortgagees to release Lot 29, when the same was entitled to be released, while it would give rise to a cause of action on the part of the mortgagor to compel the release of said lot as provided for in the mortgage, it did not operate to relieve the mortgagor of her obligation to pay the mortgage indebtedness which included payment of reasonable attorney fees which were incurred in collection of the indebtedness through an attorney in event of default. In fact, by agreement of the parties the foreclosure suit brought by the plaintiffs, through their attorney, for collection of the unpaid balance on the note and mortgage resulted in the collection by the mortgagors of the amount due thereon. In such settlement made pen-dente lite which so resulted the payees on the note did not waive or relinquish their right to collect attorney fees, or cancel the obligation of the promissor on the note to pay the same. In view of the contract for payment of reasonable attorney’s fees, it is our opinion the court was incorrect in holding that the same were not recoverable by the promisees on the note. The other party, the mortgagor, had no basis in law, by contract or otherwise, to collect attorney’s fees from the mortgagees.
Accordingly the final judgment appealed from is reversed, and the cause is remanded for further proceedings to determine the amount of a reasonable fee for the services of the attorneys for the plaintiffs and to enter a judgment against the defendant for the payment of such sum.
In the circumstances presented, we find no error in the conclusion reached by the court that the costs incurred by either of the parties in the action should not be charged against the other. In approving the provision of the judgment relating to costs, we have not overlooked the fact that the note provided for payment of costs as well as attorney’s fees, in the contingency involved. While it became necessary for the plaintiffs to use an attorney to enforce their right to payment of the note and mortgage indebtedness (entitling them to recover reasonable attorney’s fees), we cannot fault the trial court for concluding, in the exercise of discretion, that in the circumstances of the case a portion of the costs should be borne by the plaintiffs.
The judgment is affirmed in part and reversed in part, and the cause remanded with direction.